UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEOPOLDO DAVILA REYES *ex rel.* ANGEL DAVID SANCHEZ OCOTLAN,

Petitioner,

-against-

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*

Respondents.

26-CV-7515 (JPO)

ORDER FOR APPEARANCE OF PRO BONO COUNSEL

J. PAUL OETKEN, District Judge:

On September 2, 2026, Petitioner Leopoldo Davila Reyes, through next friend Angel David Sanchez Ocotlan, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, while Petitioner was present in the Southern District of New York. (ECF No. 1.) On that same date, this Court ordered the Respondents to file a letter indicating the statutory provision under which the Respondents assert the authority to detain Petitioner. (ECF No. 4.) On September 4, 2026, Respondents filed a letter asserting that Petitioner is detained pursuant to 8 U.S.C. § 1231(a). (ECF No. 6.)

**DISCUSSION**

The Court finds that the appointment of *pro bono* counsel is appropriate in this case. In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues

presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner. In particular, Petitioner's abilities to present his case and conduct any related fact investigation are significantly limited due to his incarceration and the emergency nature of his petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Petitioner should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact Petitioner, or his next friend, directly.

If Petitioner has already successfully secured counsel on his own or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

**CONCLUSION**

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Petitioner at the address listed on the docket sheet for this action.

SO ORDERED.

Dated: September 8, 2026
New York, New York

J. PAUL OETKEN
United States District Judge