UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEOPOLDO DAVILA REYES *ex rel.* ANGEL DAVID SANCHEZ OCOTLAN,
Petitioner,

-v-

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,
Respondents.

26-CV-7515 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Petitioner Leopoldo Davila Reyes, a citizen of Mexico, was ordered removed from the United States in 2013. (ECF No. 11-2 at 3.) On September 2, 2026, Immigration and Customs Enforcement ("ICE") officials discovered that Reyes had unlawfully reentered the United States. (ECF No. 10 ¶ 26.) An immigration officer issued a Form I-205 Warrant of Removal/Deportation ("Form I-205 Warrant") for Reyes at 6:23 a.m. that same day. (*Id.* ¶ 27; *see also* ECF No. 11-10 at 2.) At approximately 8:30 a.m., ICE officials arrested Reyes in Staten Island, New York. (ECF No. 10 ¶ 28.) Reyes was transported to 26 Federal Plaza in New York, New York for processing (*id.* ¶ 29) and, at 12:56 p.m., an immigration officer signed a Form I-871 Notice of Intent/Decision to Reinstate Prior Order for Reyes (ECF No. 6-1 at 2). Reyes filed a petition for a writ of habeas corpus through his next friend, Angel David Sanchez Ocotlan, sometime that afternoon. (ECF No. 1.) At the time the petition was filed, Reyes was still detained at 26 Federal Plaza. (*Id.*)

Respondents assert the authority to detain Reyes under 8 U.S.C. § 1231(a). (ECF No. 6 at 1; ECF No. 12 at 5.) That provision of the Immigration and Nationality Act instructs the Attorney General to remove noncitizens who have received a final order of removal within

ninety days of the issuance of that order. 8 U.S.C. § 1231(a)(1)(A). It also mandates detention during that ninety-day removal window. *Id.* § 1231(a)(2)(A). According to Respondents, because Reyes has a reinstated final order of removal, is awaiting removal to Mexico, and has only been detained for approximately two weeks, he is subject to mandatory detention under § 1231(a). (ECF No. 12 at 13-15.)

But in *Cartagena Jaco v. Blanche*, this Court concluded that detention under § 1231(a) contravenes § 1231's implementing regulations and violates due process where immigration officers fail to reinstate a prior order of removal *before* a noncitizen is arrested pursuant to a Form I-205 Warrant. No. 26-CV-4798, 2026 WL 1786007, at *3-4 (S.D.N.Y. June 22, 2026). That is because the reinstated removal order creates the "legal and procedural foundation" for the warrant itself; without it, the warrant "cannot serve as evidence of a lawful arrest and detention." *Id.* Other courts have reached the same conclusion. *See, e.g.*, *Moises Chavez Martin v. Joyce*, No. 26-CV-4699, 2026 WL 2199777, at *4 (S.D.N.Y. July 30, 2026); *De La Rosa Izaguirre v. Blanche*, No. 26-CV-2911, 2026 WL 2023200, at *12 (E.D.N.Y. July 13, 2026); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 361-62 (S.D.N.Y. 2019).

Respondents offer no basis to distinguish this case from *Cartagena Jaco*. Instead, Respondents argue simply that Reyes's arrest and detention did not violate due process and, even if it did, Reyes did not suffer any "prejudice" from the reinstatement of his removal order four hours after his arrest. (ECF No. 12 at 17-18.) But as this Court explained in *Cartagena Jaco*, the fact that Respondents reinstated Reyes's removal order after his arrest does not make his

arrest and detention any less "unlawful from the start." 2026 WL 1786007, at *5; *see also* *Martinez*, 385 F. Supp. 3d at 366.[1] Accordingly, Reyes must be released.

Having determined that Reyes's due process rights were violated, the Court does not address his alternative arguments.

The petition for a writ of habeas corpus is GRANTED. Respondents are hereby ORDERED to release Reyes, without electronic monitoring, including but not limited to GPS monitoring, no later than Friday, September 18, 2026, at 5:00 p.m. Respondents must release Reyes with all of his belongings that are in Respondents' possession, including but not limited to identification cards, clothing, and money. Respondents shall confirm compliance with these directives in a filing on the docket by end of day on September 18, 2026. Existing deadlines and the conference previously scheduled for September 18, 2026 are hereby adjourned.

SO ORDERED.

Dated: September 17, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

[1] Respondents also argue that Reyes's petition is "premature" because he has not yet been detained for more than ninety days. (ECF No. 12 at 15-17.) But Reyes challenges the legal basis for his arrest and detention, not the length of it. (ECF No. 1 at 2.) Accordingly, the fact that Reyes has not yet spent ninety days in detention does not change the analysis.